UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIM. NO. 18-319 (DRD)

[1] EDWIN ALLENDE-RIVERA,
Defendant.

# PLEA AGREEMENT
[Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) &(B)]

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Alberto López-Rocafort, Assistant U.S. Attorney, Chief, Gang Unit; Vanessa E. Bonhomme, Assistant U.S. Attorney; defendant's counsels, Diego Alcala-Laboy, Esquire, and defendant **Edwin Allende-Rivera**, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

## 1. COUNT(S) TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to Count **THREE** of the Indictment, charging the defendant with knowingly and intentionally committing an offense against the United States, to wit: Possession with Intent to Distribute Cocaine Base (Crack). Specifically, on or about April 11, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, **[1] Edwin Allende-Rivera** did knowingly and intentionally possess with intent to distribute a mixture or substance containing twenty-eight (28) grams or more of a detectable amount of cocaine base (crack), a Schedule II

Narcotic Drug Controlled Substance, all in violation of Title 21, *United States Code*, Section 841(a)(1).

2. **STATUTORY PENALTIES**

The defendant understands that the penalty for the abovementioned count is a minimum term of imprisonment of five (5) years up to a maximum term of imprisonment of forty (40) years, a fine not to exceed five million dollars ($5,000,000.00), and a term of supervised release of not less than four (4) years in addition to any term of incarceration, pursuant to Title 21, *United States Code*, Sections 841(b)(1)(B). The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

However, for purposes of this plea, the defendant will be held responsible for the possession of at least 16.8 grams but less than 22.4 grams of cocaine base (crack). Therefore, the statutory penalty is a term of imprisonment of not more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000.00), and a term of supervised release of at least 3 years in addition to any term of incarceration, pursuant to Title 21, *United States Code*, Section 841(c). The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

3. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, *United States Code*, Section 3013(a).

### 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the *Sentencing Guidelines Manual*, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may impose restitution. As part of this plea agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500).

### 6. RULE 11(c)(1)(B) WARNINGS



Defendant understands that, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by these sentencing guidelines calculations, that is, the Court may impose a harsher or lesser sentence in spite of the recommendations set forth herein. Also, the defendant understands that defendant may not withdraw defendant's plea solely as a result of the final sentencing guidelines calculations made by the Court. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement. Moreover, the United States reserves the right to carry out its responsibilities under the sentencing guidelines. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing

within the bounds of the plea agreement; and (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

## 7. UNITED STATES RESERVATION OF RIGHTS

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

## 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

**The parties make NO stipulation as to the defendant's Criminal History Category.**

**INTENTIONALLY BLANK**

## 9. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant." *United States v. Booker*, 543 U.S. 220 (2005):

| SENTENCING GUIDELINES CALCULATION TABLE (COUNT THREE) Title 21, U.S.C., Section 841(a)(1) | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2D1.1(c)(10)] (Possession of at least 16.8 grams but less than 22.4 grams of cocaine base) | 20 |
| Acceptance of Responsibility [§ 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 17 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I | 24-30 |
| IF CRIMINAL HISTORY CATEGORY II | 27-33 |
| IF CRIMINAL HISTORY CATEGORY III | 30-37 |
| IF CRIMINAL HISTORY CATEGORY IV | 37-46 |
| IF CRIMINAL HISTORY CATEGORY V | 46-57 |
| IF CRIMINAL HISTORY CATEGORY VI | 51-63 months ZONE D |

## 10. STIPULATION AS TO THE AMOUNT OF NARCOTICS

The United States of America and Defendant, **EDWIN ALLENDE-RIVERA**, stipulate for purposes of this Plea Agreement that this defendant shall be accountable for conspiring to possess with the intent to distribute at least 16.8 grams but less than 22.4 grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance. All in violation of Title 21, *United States Code*, Section 841(a)(1).

## 11. SENTENCE RECOMMENDATION

The parties agree and recommend that the defendant be sentenced to twenty-four (24) months imprisonment, regardless of his criminal history. The defendant would agree that this sentence recommendation is reasonable pursuant to Title 18, *United States Code*, Section 3553(a).

## 12. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is thirty (30) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 13. NO FURTHER ADJUSTMENTS, DEPARTURES, OR VARIANCE

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level and no variant sentence under 18 USC § 3553 shall be sought by the parties. This Plea Agreement has taken into consideration all Title 18, *United States Code*, Section 3553 factors. *Any recommendation for a term of imprisonment below what has been stipulated in paragraph (9) above will constitute a material breach of the plea agreement.*

## 14. DISMISSAL OF REMAINING COUNTS

The remaining count of the indictment will be dismissed at the time of sentencing.

## 15. JURISDICTIONAL LIMITS OF PLEA AGREEMENT

It is specifically understood by the defendant, that this plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

## 16. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, **Diego Alcala-Laboy**, and indicates that counsels have rendered effective legal assistance.

## 17. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.   If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.   If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.   If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.   At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

### 18. STIPULATED VERSION OF FACTS

The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts can be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

### 19. LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

### 20. ENTIRETY OF PLEA AGREEMENT

This written agreement and the supplement constitute the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

## 21. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 22. VOLUNTARINESS OF GUILTY PLEA

It is understood by the defendant, that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
*for* **José Capó-Iriarte**
Assistant United States Attorney
Chief, Criminal Division
Dated:

_____
*For* **Alberto López-Rocafort**
Assistant United States Attorney
Deputy Chief, Narcotics Unit
Dated:

_____
**Vanessa E. Bonhomme**
Assistant United States Attorney
Dated: 7/24/2019

_____
**Diego Alcala-Laboy, Esq.**
Counsel for Defendant
Dated: 7/31/2019

_____
**Edwin Allende-Rivera**
Defendant
Dated: 7/31/2019

# ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

7/31/2019
Date

_____
**Edwin Allende-Rivera**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

7/31/2019
Date

_____
**Diego Alcala-Laboy**
Counsel for Defendant

# STIPULATED VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 21, *United States Code*, Section 841(a). If this matter had proceeded to trial, the United States would have presented evidence through live testimony, physical evidence, and documentary evidence, which would have proven beyond a reasonable doubt the following:

On or about April 11, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, **[1] EDWIN ALLENDE-RIVERA** and his co-defendant did knowingly and intentionally possess with intent to distribute twenty-eight (28) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance. In violation of Title 21, *United States Code*, Section 841(a)(1). Specifically, for purposes of this plea agreement, the defendant is being held responsible for the possession with intent to distribute more than 16.8 grams but less than 22.4 grams of cocaine base (crack).

Specifically, on April 11, 2018, Puerto Rico Police Department agents were conducting surveillance at 12th Street in the Capetillo Ward located in San Juan, Puerto Rico. PRPD agents observed two individuals, later identified as Edwin ALLENDE-RIVERA and Nancy SANTOS-ALEJANDRO, in a known drug point. While ALLENDE-RIVERA conducted drug transactions, SANTOS-ALEJANDRO acted as a lookout.

PRPD agents approached the aforementioned drug point and observed ALLENDE-RIVERA throw the black backpack to a residence located behind him. When the PRPD agents approached ALLENDE-RIVERA and SANTOS-ALEJANDRO, they noticed a strong odor of marihuana.

PRPD agents identified themselves as police officers and detained ALLENDE-RIVERA and SANTOS-ALEJANDRO for further investigation. Agents retrieved the black backpack abandoned

by ALLENDE-RIVERA. The bag contained heroin, cocaine, cocaine base, and marijuana – all packaged in a manner consistent with street level distribution. Agents also seized one radio scanner, one drug ledger, one black-colored mask, and two cellular phones from the bag.

A subsequent search of SANTOS-ALEJANDRO's vehicle also revealed marijuana and heroin located in a hidden compartment in the backseat of the vehicle.

The United States would have proven these facts beyond a reasonable doubt through the presentation of physical, testimonial, and documentary evidence, such as photographs; and the testimony of agents from the Puerto Rico Police Department and ATF agents, in addition to forensic chemist experts from the DEA laboratory, among others.

Discovery was timely provided to the defendant.

**Edwin Allende-Rivera**
Defendant
Dated: 7/31/2019

**Vanessa E. Bonhomme**
Assistant United States Attorney
Dated: 7/25/2019

**Diego Alcala-Laboy**
Counsel for Defendant
Dated: 7/31/2019